UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLOUS AFRIKAN WARRIOR,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA REPUBLIC,<br><br>Respondent. | Case No. 1:22-cv-01639-CDB (HC)<br><br>ORDER REQUIRING RESPONSE FROM PETITIONER<br><br>**21-DAY DEADLINE**<br><br>(Doc. 1) |

Petitioner Marvellous Afrikan Warrior ("Petitioner") is a pro se litigant detained in Coalinga State Hospital proceeding with a petition of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).[1]

**Preliminary Screening**

Rule 4 of the Rules Governing § 2254 requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. Habeas corpus petitions by pro se petitioners are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief." Habeas Rule 4; *see Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Rule 4). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available; 2) state the facts supporting each

---

[1] Petitioner is also known as Marcellus Alexander Greene, Sr. (Doc. 1 at 1, 8).

1  ground; and 3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must
2  state facts that point to a real possibility of constitutional error.  *Mayle v. Felix*, 545 U.S. 644, 655
3  (2005).  Allegations in a petition that are vague, conclusory, palpably incredible or patently frivolous
4  are subject to summary dismissal.  *Hendricks*, 908 F.2d at 491.  A petition for habeas corpus should
5  not be dismissed without leave to amend unless it appears that no tenable claim for relief can be
6  pleaded were such leave to be granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**Background**

According to an opinion of the California Court of Appeals in the case for which Petitioner seeks habeas relief here (*see* Doc. 1 at 2), in 1996, Petitioner pleaded guilty to and was sentenced for sexual penetration with a foreign object with force or violence.  *See People v. Greene*, No. B315882, 2022 WL 2826299, at *1 Cal. App. Ct. July 20, 2022).[2]  In a separate proceeding that resulted in a bench trial in September and October 2021, the state trial court declared Petitioner a sexually violent predator (SVP) under California's Sexually Violent Predator Act and committed him to the state hospital for an indeterminate term.  *Id.* at *7.

At some point, Petitioner appealed his commitment order classifying him as SVP to California's Court of Appeal.  *Id.*  Petitioner argued that the trial court's findings were not supported by substantial evidence.  *Id.*  On July 20, 2022, the Court of Appeals affirmed Petitioner's commitment order finding that substantial evidence supports the trial court's findings.  *Id.* at *10.  Petitioner sought review before the Supreme Court of California, which denied the petition on October 12, 2022.  (Doc. 1 at 6); *People v. Greene*, No. S276332 Cal. Oct. 12, 2022).

On December 27, 2022, Petitioner filed the instant petition to this Court.  (Doc. 1).  Petitioner appears to assert that the California Department of Corrections killed him in the 2000s, that the Department of State Hospitals ("DSH") tried to poison him, and that he has been denied due process.  *Id.* at 7.  Petitioner also declares the "[December 2022] quarterly is error filled with info that do not match the facts," DSH has not timely responded to him, and that he has blown the whistle on the "hospital" and needs whistleblower protection.  *Id.* at 5-6.  Petitioner asserts he raised his

---

[2] This Court may take judicial notice of the dockets of the California court.  *See White v. Martel*, 601 F.3d 882, 885 (9th Cir.2010), cert. denied, 131 S.Ct. 332, 178 L.Ed.2d 146 (2010).

"whistleblower" claim to the Supreme Court of California.  *Id*. at 6.  Petitioner claims he has filed habeas petitions in state court and has cases pending review.  *Id*. at 2-3, 7-8.

**Discussion**

Petitioner has failed to provide an adequate petition for writ of habeas corpus.  First, Petitioner does not name an appropriate respondent.  A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Habeas Rule 2(a); *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004) (citing *Stanley v. California Supreme Court*, 21 F.3d 359. 360 (9th Cir. 1996)).  Generally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce "the body of the petitioner."  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quotations omitted).  The chief officer in charge of the state penal institutions can also serve as an appropriate respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).  Here, Petitioner only names "Fresno Federal Courthouse" as a respondent to his petition.  (Doc. 1).  Because Petitioner has not named a proper respondent, this Court may not rule on the petition.  *Smith*, 392 F.3d at 355 n.3 ("when a habeas petitioner has failed to name the proper respondent … the court may not grant effective relief, and thus should not hear the case unless the petition is amended to name a respondent who can grant the desired relief").  However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility or the chief officer in charge of state penal institutions

Second, Petitioner has failed to identify with clarity any challenges to the validity of the fact or length of his confinement or matters affecting the duration of his confinement.  *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973).  "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."  *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (in habeas, notice pleading is insufficient, a petitioner must state sufficient facts); *see also* Habeas Rule 2(c) ("the petition shall specify all of the grounds for relief…and shall set forth in summary form the facts supporting each of the grounds thus specified").  Petitioner has not provided facts that would support a claim for habeas relief.  While Petitioner had

raised a claim for substantial error in state court, *supra* 2, it is unclear whether Petitioner is even raising that claim to this Court. *See generally* (Doc. 1).

As the petition fails to state a cognizable claim for federal habeas relief, it should be dismissed, but leave to amend is appropriately granted here as Petitioner may still be able to allege a tenable claim for relief sufficiently supported by factual allegations. *Jarvis*, 440 F.2d at 14.

**Conclusion and Order**

Accordingly, for the foregoing reasons, Petitioner's habeas corpus petition is deficient and should be dismissed. Petitioner will be granted an opportunity to file a first amended petition curing the aforementioned deficiencies.

For the above-states reasons, IT IS HEREBY ORDERED:

Petitioner is GRANTED twenty-one (21) days from the date of service of this order to file a first amended petition as directed by this order.

Petitioner is forewarned that failure to timely comply with this order may result in an order of dismissal or recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: **June 18, 2024**

UNITED STATES MAGISTRATE JUDGE