UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLOUS AFRIKAN WARRIOR,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA REPUBLIC,<br><br>Respondent. | Case No. 1:22-cv-01639-CDB (HC)<br><br>ORDER REQUIRING RESPONSE FROM PETITIONER<br><br>**21-DAY DEADLINE**<br><br>(Doc. 8) |

Petitioner Marvellous Afrikan Warrior ("Petitioner") is a pro se litigant detained in Coalinga State Hospital proceeding with a petition of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).[1] Petitioner appears to raise certain grievances against the Department of State Hospitals and Department of Corrections, although the precise nature of this complaints is unclear. *See generally* (Doc. 1).

Following its screening of the petition, on June 18, 2024, the Court issued an order requiring Petitioner to file a first amended petition. (Doc. 7). The Court found Petitioner failed to name a proper respondent and to state a cognizable claim for federal habeas relief. *Id*. The Court provided Petitioner 21 days from the date of service of the order to file a first amended petition. *Id*. at 4.

---

[1] Petitioner is also known as Marcellus Alexander Greene, Sr. (Doc. 1 at 1, 8).

1

On June 26, 2024, Petitioner filed a response to the Court's order. (Doc. 8). The Court construes the filing as a first amended petition. Petitioner names Brandon Price, Executive Director of the Department of State Hospitals ("DSH"), Coalinga, as a respondent in this action. *Id*. at 1. Petitioner asserts Mr. Price is "about [to be] demoted and ousted from DSH not by much longer yet he is not clean from the many wrongs done here." *Id*. The filing otherwise is devoid of any claims, facts or allegations.

Pursuant to Rule 4 of the Rules Governing § 2254, the Court conducted a preliminary review of the first amended petition, keeping in mind that pro se habeas corpus petitions are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief." Habeas Rule 4; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Habeas Rule 4). Petitioner has identified the appropriate respondent for this action. (Doc. 8). However, Petitioner still fails to state a cognizable claim for federal habeas relief. The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

*See also* Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody…" *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see*

*Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (in habeas, notice pleading is insufficient, a petitioner must state sufficient facts); *see also* Habeas Rule 2(c) ("the petition shall specify all of the grounds for relief…and shall set forth in summary form the facts supporting each of the grounds thus specified"). Here, Petitioner has not provided any facts that would support a claim for habeas relief. *See* (Docs. 1, 8).

Petitioner's first amended petition for writ of habeas corpus (Doc. 8) is deficient for failing to advance claims that are sufficiently pled. Petitioner shall be granted an opportunity to file a second amended petition identifying all of the grounds for relief and facts that support his claims. If Petitioner decides to file a second amended petition, he is advised that a second amended petition supersedes the first and original petition. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Petitioner's second amended petition must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

**Conclusion and Order**

For the above-stated reasons, IT IS HEREBY ORDERED, Petitioner is GRANTED 21 days from the date of service of this order to file a second amended petition as directed by this order.

Petitioner is forewarned that failure to timely comply with this order may result in a recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **June 27, 2024**                              _____
                                                        UNITED STATES MAGISTRATE JUDGE