UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLOUS AFRIKAN WARRIOR,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA REPUBLIC,<br><br>Respondent. | Case No. 1:22-cv-01639-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION WITHOUT PREJUDICE FOR PETITIONER'S FAILURE TO PROSECUTE, FAILURE TO COMPLY WITH A COURT ORDER, AND FAILURE TO STATE A CLAIM<br><br>**21-DAY DEADLINE**<br><br>(Doc. 9) |

Petitioner Marvellous Afrikan Warrior ("Petitioner") is a pro se litigant detained in Coalinga State Hospital proceeding with a petition of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner appears to raise certain grievances against the Department of State Hospitals and Department of Corrections, although the precise nature of these complaints is unclear. *See* generally (Doc. 1).

**Background**

Petitioner filed a petition for writ of habeas corpus on December 27, 2022. (Doc. 1). On June 18, 2024, the Court conducted a preliminary screening of the petition and determined that it failed to name the proper respondent and failed to state a cognizable claim for federal habeas relief. (Doc. 7).

1

The Court provided Petitioner twenty-one (21) days from the date of service of the order to file a first amended petition. *Id*. at 4.

On June 26, 2024, Petitioner filed a response to the Court's order. (Doc. 8). The Court construed the filing as a first amended petition. On June 28, 2024, following its screening, the Court found the first amended petition was deficient for failing to advance claims that are sufficiently pled and granted Petitioner twenty-one (21) days to file a second amended petition curing the aforementioned deficiencies. (Doc. 9 at 3). Additionally, Petitioner was forewarned that failure to comply with the Order could result in a recommendation that the petition be dismissed pursuant to Local Rule 110. *Id*.

**Legal Standard**

   1. <u>Failure to Prosecute an Action and Failure to Comply with Court Orders</u>

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with…any order of the Court may be grounds for the imposition by the Court of any and all sanctions…within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423. These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to

take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

 2. Failure to State a Claim

Habeas Rule 2(c) requires that a petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding"). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**Discussion**

The Court considers the *Henderson/PPA* factors identified above and concludes they largely favor dismissal in this case for Petitioner's failure to prosecute and obey court orders. The public's interest in expeditious resolution of litigation weighs in favor of dismissal of this action. The public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; *see Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Here, the Court directed Petitioner to make a filing addressing specific discrepancies that the Court identified in the petition, but Petitioner has failed to make the necessary filing and the deadline by which to do so has passed. (Doc. 9). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants…" *Pagtalunan v. Galaza*, 291 F.3d 639, 639 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). Here, Petitioner has failed to comply with the Court's order requiring him to file a second amended petition curing the identified deficiencies. (Doc. 9 at 3). The Court is experiencing an ongoing judicial emergency and heavy caseload. Petitioner's failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

The third factor is inapplicable to this matter as Respondent has not been served and ordered to file a response. Habeas Rule 4.

As to the fourth factor, a preference to rule on the merits usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan*, 291 F.3d at 643; *see Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (the public policy favoring disposition of cases on their merits counsels strongly against dismissal). Here, upon review, the Court deemed the petition deficient as it fails to state a cognizable claim for federal habeas relief. (Doc. 9). Thus, Petitioner has not presented a matter on the merits for the Court to consider.

Lastly, the unavailability of lesser sanctions weighs in favor of dismissal. "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone*, 833 F.2d at 131-32 (quoting *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986)). At this stage in the proceedings, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditures of its scarce resources. Moreover, the Court's previous orders expressly warned Petitioner that if he failed to respond, the Court would recommend the district court dismiss the petition. (Docs. 7, 9). Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's orders.

Petitioner was advised in the Court's June 28, 2024, order that his petition failed to sufficiently state a claim. Notwithstanding that the Court directed Petitioner to address this issue, Petitioner failed to obey. After considering the factors set forth *supra* and governing case law requiring Petitioner to sufficiently state a claim, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

**Conclusion and Recommendations**

Based on the foregoing, the Clerk of Court is DIRECTED to assign a District Judge to this action and substitute Brandon Price, Executive Director of the Department of State Hospitals, as Respondent in this matter.

///

///

The Court FURTHER RECOMMENDS:

1. This action be dismissed without prejudice for failure to prosecute, failure to comply with a court order, and failure to state a claim;
2. The Court DECLINE to issue a certificate of appealability referenced in 28 U.S.C. § 2253; and
3. The Clerk of the Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Petitioner may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __July 25, 2024__

UNITED STATES MAGISTRATE JUDGE