# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLUS GREENE aka MARVELLOUS AFRIKAN WARRIOR[1],<br><br>          Petitioner,<br><br>     v.<br><br>BRANDON PRICE, Executive Director of the Dept' of State Hospitals,<br><br>          Respondent. | Case No.: 1: 22-cv-01639 JLT CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE PETITION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 12) |

Petitioner is detained in Coalinga State Hospital, and he filed a petition of habeas corpus pursuant to 28 U.S.C. § 2254. The assigned magistrate judge performed a preliminary review of the petition, as required by Rule 4 of the Rules Governing § 2254 cases. (Doc. 7.) The magistrate judge noted that Petitioner was declared a sexually violent predictor under California's Sexually Violent Predator Act and committed to the state hospital for an indeterminate term. (*Id.* at 2, citing *People v. Greene*, No. B315882, 2022 WL 2826299, at *1 (Cal. App. Ct. July 20, 2022).) The Court of Appeal affirmed the commitment order, and the Supreme Court of California denied his petition for writ of

---

[1] Petitioner identified himself as "Marvellous Afrikan Warrior" in the caption of his petition, but also indicated the petition was "on behalf of Marcellus Alexander Greene Sr, who is right here." (*See* Doc. 1 at 1, 8 [emphasis omitted].) The California Court of Appeals previously observed that at times, Marcellus Greene referred to himself as "Marvellous Afrikan Warrior," "King Marcellus" and "Afrikan Warrior." *See People v. Greene,* No. B315882, 2022 WL 2826299, at **2, 4 (Cal. App. Ct. July 20, 2022). For the sake of clarity, the Court indicates both Petitioner's legal name and preferred name in the caption.

habeas corpus. (*Id.*, citing Doc. 1 at 6; *People v. Greene*, No. S276332 (Oct. 12, 2022.) The magistrate judge determined Petitioner appears to seek review of the commitment decision but found Petitioner "failed to provide an adequate petition for writ of habeas corpus" and did not name a proper respondent. (Doc. 7 at 3.) The magistrate judge found Petitioner "failed to identify with clarity any challenges to the validity of the fact or length of his confinement or matters affecting the duration of his confinement." (*Id.*) For example, the magistrate judge observed that while Petitioner "raised a claim for substantial error in state court," it was "unclear whether Petitioner is even raising that claim to this Court." (*Id.* at 3-4.) Therefore, the magistrate judge directed Petitioner to file an amended petition to cure the deficiencies identified. (*Id.* at 4.)

Petitioner filed a single page response (Doc. 8), which the Court construed as an amended petition. (Doc. 9 at 2.) In the response, Petitioner identified the respondent as Brandon Price, Executive Director of the Department of State Hospitals. (Doc. 8 at 1.) Petitioner asserted Price is "about [to be] demoted and ousted from DSH not by much longer yet he is not clean from the many wrongs done here." (*Id.*) The magistrate judge observed the document was "otherwise … devoid of any claims, facts or allegations." (Doc. 9 at 2.) Thus, the magistrate judge directed Petitioner to file a second amended petition to identify the pleading deficiencies previously identified. (*Id.* at 3.)

After Petitioner failed to respond to the Court's order—or seek an extension of time to file an amended petition—the magistrate judge recommended the action be dismissed. (Doc. 12.) In finding terminating sanctions were appropriate, the magistrate judge properly considered the factors set forth by the Ninth Circuit, and found they weighed in favor of dismissal. (*Id.* at 3-4.) Consequently, the magistrate judge recommended the petition "be dismissed without prejudice for failure to prosecute, failure to comply with a court order, and failure to state a claim." (*Id.* at 5.) In addition, the magistrate judge recommended the Court decline to issue a certificate of appealability. (*Id.*)

The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 21 days. (Doc. 12 at 5.) The Court advised him that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Petitioner did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the findings related to terminating sanctions are supported by the record and proper analysis and adopts the recommendation.  However, the magistrate judge did not make any findings to support the recommendation that a certificate of appealability not be issued.  As a result, the Court now makes additional findings.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While Petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.  In the present case, reasonable jurists would not find the determination that the petition should be denied debatable or wrong, or that Petitioner should be allowed to proceed further.  Petitioner did not make the required substantial showing of the denial of a constitutional right.  Thus, the Court adopts the recommendation to decline a certificate of appealability.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations dated July 26, 2024 (Doc. 12) are **ADOPTED**.
2. The petition is **DISMISSED** without prejudice.
3. The Clerk of Court is directed to close this case.
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **August 27, 2024**

UNITED STATES DISTRICT JUDGE

3