# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLUS GREENE aka MARVELLOUS AFRIKAN WARRIOR[1], <br><br>  Petitioner, <br><br> v. <br><br> BRANDON PRICE, Executive Director of the Dept' of State Hospitals, <br><br>  Respondent. | Case No.: 1: 22-cv-01639 JLT CDB <br><br> ORDER DENYING PLAINTIFF'S OBJECTIONS TO THE ORDER DATED AUGUST 27, 2024, CONSTRUED AS A MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) <br><br> (Doc. 15) |

Petitioner is detained in Coalinga State Hospital, and he filed a petition of habeas corpus pursuant to 28 U.S.C. § 2254. The Court entered judgment in this matter on August 28, 2024, following the Court's dismissal for Petitioner's failure to prosecute, failure to obey the Court's order, and failure to state a claim on August 27, 2024. (Docs. 13, 14.) Following the dismissal of the petition, Petitioner filed objections, referencing the Court's denial of his certificate of appealability on August 27, 2024. (Doc. 15 at 1.) Petitioner seems to assert his innocence for the underlying conviction, and his civil commitment to the state hospital. (*Id.* at 2-3.) Because the objections were filed within 28 days of

---

[1] Petitioner identified himself as "Marvellous Afrikan Warrior" in the caption of his petition, but also indicated the petition was "on behalf of Marcellus Alexander Greene Sr, who is right here." (*See* Doc. 1 at 1, 8 [emphasis omitted].) The California Court of Appeals previously observed that at times, Marcellus Greene referred to himself as "Marvellous Afrikan Warrior," "King Marcellus" and "Afrikan Warrior." *See People v. Greene,* No. B315882, 2022 WL 2826299, at **2, 4 (Cal. App. Ct. July 20, 2022). For the sake of clarity, the Court indicates both Petitioner's legal name and preferred name in the caption.

the final judgment, the Court construes the document as a motion as made pursuant to Federal Rule of Civil Procedure 59(e) to modify the judgment.

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks, citation omitted) (emphasis in original). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 883).

Petitioner does not dispute the underlying facts and analysis concerning his failure to prosecute this action and failure to comply with the Court's order to file an amended petition, which formed the basis of the Court's order for terminating sanctions. For this reason, the Court finds no basis to reopen the action or vacate the entry of judgment. As to the denial of a certificate of appealability, Petitioner fails to present any newly discovered evidence, show the Court committed a clear error in evaluating whether such a certificate is appropriate, or argue an intervening change in controlling law necessitates an amendment of the Court's order. *See Wood*, 759 F.3d at 1121. Petitioner's general disagreement with the denial of a certificate of appealability is insufficient to support the relief requested. *Cromer v. Songer,* 2016 WL 3351408, *1 (E.D. Cal. June 15, 2016) (disagreement with the Court's decision is insufficient to warrant reconsideration).

Based upon the foregoing, the Court **ORDERS**: Petitioner's objections, construed as motion under Rule 59(e) to alter or amend judgment (Doc. 15) is **DENIED**

IT IS SO ORDERED.

Dated:   **September 24, 2024**

UNITED STATES DISTRICT JUDGE

2